IN THE MATTER OF THE APPLICATION OF CHARLES A. McEUEN FOR A WRIT OF CERTIORARI.

Argued January 21, 1926—Decided March 5, 1926.

Under the act (*Pamph. L.* 1869, *p.* 1238), the proceedings therein stated "may be at any time reviewed by *certiorari.*" This does not deprive the Supreme Court of its inherent power and right to refuse the *allocatur* on the ground of laches, applied to a sale certificate dated November 5th, 1857.

---

On application for *certiorari.*

Before Justices PARKER, MINTURN and BLACK.

For the writ, *Cecil H. MacMahon.*

*Contra, Robert H. McCarter.*

The opinion of the court was delivered by

BLACK, J. This is an applicataion for a writ of *certiorari* to review the legality of a sale certificate, dated November 5th, 1857. The property assessed is on the northwest corner of Market and Washington streets, in the city of Newark, being a lot forty-four feet on Market street and one hundred and six and seven-tenths feet on Washington street, said lot being known as lot No. 259 on the assessment map. The assessment was made on December 5th, 1856, by commissioners duly appointed under the charter of the city of Newark.

The assessment was made for the construction of a sewer passing the property, which was authorized on August 6th, 1852, by the common council of the city. The sale certificate was not recorded until December 28th, 1882. In 1870 an ejectment suit was brought by the McEuen children, one of whom is the applicant, in the Supreme Court to recover the possession of the property, in which a bill of particulars was served by the defendant. In that suit Martin Burne claimed title by virtue of this sale certificate. The jury rendered a verdict for the defendant, upon which judgment was entered, as of November 8th, 1870. In that case the recitals in the sale certificate were not allowed to be put in issue by Mr. Justice Depue, who presided at the trial, and who then pointed out over fifty years ago that the proper remedy was by *certiorari*. There are twenty-three reasons assigned and filed for granting the writ, which are argued under three heads in the applicant's brief. The writ was denied in the first instance by Chief Justice Gummere on the ground of laches. While it is true that the act (*Pamph. L.* 1869, *p.* 1238) provides, the proceeding therein stated "may be at any time reviewed by *certiorari*," this does not deprive the Supreme

Court of its inherent power and right to refuse the *allocatur* on the ground of laches. In *Alden* v. *City of Newark, 40 N. J. L. 95,* it was said, the time should be extended in cases like this to at least the period limited for an action of ejectment.

The deed to the applicant, Charles A. McEuen, upon which he bases his right to bring the present writ of *certiorari,* was dated February 13th, 1850, and was recorded on January 14th, 1870, fifty-six years ago. The applicant was at that time twenty-four years of age.

A writ of *certiorari* is denied on the ground of laches.